## Bonnem's Adoption.

*Adoption—Contest between divorced parents—Abandonment of child by father—Welfare of child—Act of April 4, 1925.*

1. Under the Act of April 4, 1925, P. L. 127, in a contest between divorced parents for the custody of their son, a boy about five years of age, if the father has failed to contribute to the boy's support for more than four years and six months preceding the filing of a petition for adoption by the mother and her second husband, he will be held to have abandoned the child and to have lost the right to object to the adoption.

2. In such a contest, where the father had been repeatedly indicted for fraudulent practices and had offered to withdraw all objections to the adoption on being paid $5000, the child was awarded to the petitioners, who appeared to be of good character and financially competent to take care of him.

Exceptions to opinion of hearing judge. O. C. Phila. Co., April T., 1926, No. 1012.

*M. B. Elwert* and *Samuel W. Salus*, for exceptant.

*D. Arthur Magaziner*, contra.

THOMPSON, J., July 2, 1926.—The exceptions before us are those filed on behalf of a father who refuses his consent to the adoption of his child. The hearing judge held that such consent was not necessary, as he had abandoned the child. We have read the testimony with care, and from the same it appears:

1. Carl O. Bonnem married Edna Fischman on June 17, 1919. They had one child, Bennard Bonnem, born April 29, 1920, whose adoption is sought in this proceeding. They were divorced Sept. 21, 1921, and both have remarried. Mr. Bonnem on Oct. 26, 1924, by which marriage he has a daughter, born July 27, 1925. Mrs. Bonnem married Samuel Shapiro May 16, 1922, and they have one child, a boy, born Sept. 29, 1924.

2. The petitioners are Mr. and Mrs. Shapiro, who seek, by petition filed April 1, 1926, the adoption of Bennard Bonnem, the child of Mrs. Shapiro by her former husband, Carl O. Bonnem.

3. Bennard Bonnem has been in the custody of his mother since her separation from Carl O. Bonnem in February, 1921.

4. Mr. and Mrs. Bonnem lived with the parents of Mrs. Bonnem from the time of their marriage in June, 1919, until the time of their separation in February, 1921.

5. Mr. Bonnem has not seen nor contributed anything toward the support of his child, Bennard Bonnem, since the summer of 1921.

6. On Oct. 11, 1920, Carl O. Bonnem was acquitted by a jury in the Court of Quarter Sessions of this county on a charge of false pretense.

7. On Jan. 4, 1926, two bills of indictment against Carl O. Bonnem, one for false pretense and the other for conversion of money and property, were submitted and a *nolle prosequi* entered.

8. There was submitted at the hearing the return of Magistrate Pennock in the case of Commonwealth *v.* Carl O. Bonnem, listed for action by the grand jury in May, 1926, but no disposition of this return has been made.

9. During the pendency of these proceedings for adoption, started April 1, 1926, Carl O. Bonnem stated to the brother of Mrs. Shapiro that he would consent to the present application for adoption if he was paid $5000. Mr. Bonnem was present when this testimony was given and made no denial of the same.

10. Mr. Shapiro, the husband of Mrs. Shapiro, formerly Bonnem, is abundantly able to support and properly care for the child if a decree of adoption is made.

It is needless to say that a court should approach a question of this kind with much caution, as the natural right of a father should not be taken away from him without sufficient cause, but the Adoption Act also requires us to consider the welfare of the child. Applying the reasons and conclusions of law set forth in Kelly's Adoption, 6 D. & C. 506, and Beech's Adoption, 7 D. & C. 505, in both of which cases the subject under consideration was discussed at great length, to the facts of this case, we are of opinion that Carl O. Bonnem has abandoned his child, Bennard Bonnem, within the meaning of the Adoption Act of April 4, 1925, P. L. 127, and that the welfare of the "person proposed to be adopted will be promoted by such adoption."

At the argument on the exceptions before us, Mr. Bonnem appeared in person, and through his counsel, Mr. Elwert, made an offer to support his child without going into any details as to how, or under what circumstances, or in' what manner he proposed so to do. As was said in Kelly's Adoption, as above, we can only judge the future by the past, and we are not impressed with the good faith of his statement, in view of the fact that there is uncontradicted testimony of the fact that he would consent to the adoption if he were paid $5000.

All exceptions filed to the decree of the hearing judge are dismissed.